Tony B. ALEXANDER, Petitioner–
Appellant,

v.

Scott SCHLEDER, Southeast Regional
DHO; et. al., Respondents–
Appellees.

No. 11–16791.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 13, 2013.

Tony B. Alexander, Tucson, AZ, pro se.

Bureau of Prisons Regional Counsel,
Federal Bureau of Prisons, Stockton, CA,
Jesse Gonzalez, USP, Litigation Coordinat,
Atwater, CA, Mark J. McKeon, Esquire,
Assistant U.S. Attorney, USF–Office of
the U.S. Attorney, Fresno, CA, for Re-
spondents–Appellees.

Before: FERNANDEZ, TASHIMA,
and WARDLAW, Circuit Judges.

MEMORANDUM ***

Federal prisoner Tony B. Alexander ap-
peals pro se from the district court's judg-
ment denying his 28 U.S.C. § 2241 habeas
petition. We have jurisdiction under 28
U.S.C. § 1291. We review the denial of a
§ 2241 petition de novo. See Tablada v.
Thomas, 533 F.3d 800, 805 (9th Cir.2008).
The district court's factual findings are
reviewed for clear error. See McNeely v.
Blanas, 336 F.3d 822, 826 (9th Cir.2003).
We affirm.

Alexander contends that his due process
rights were violated in the prison disci-
plinary proceedings finding him guilty of
two instances of engaging in sexual acts.
The record does not support his conten-
tion. The district court properly denied
the petition because Alexander received
all process that was due and some evi-
dence supports the disciplinary findings.
See Superintendent v. Hill, 472 U.S. 445,
455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985);
Wolff v. McDonnell, 418 U.S. 539, 563–67,
94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

We decline to consider Alexander's ar-
gument alleging a violation of Brady v.
Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10
L.Ed.2d 215 (1963), because it was neither
developed in the district court nor raised

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2). Accordingly, Al-
exander's request for oral argument is denied.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

in his opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**